United States of America,

   Plaintiff,

v.

Jesus Alberto Barron-Celis (1),
Elvia Adilene Ibarra-Sanchez (4),

   Defendants.

**MEMORANDUM OPINION
AND ORDER**
Criminal No. 16-319 ADM/KMM

_____

Thomas M. Hollenhorst, Esq., Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff.

Robert M. Paule, Esq., Robert M. Paule, PA, Minneapolis, MN, on behalf of Defendant Elvia Adilene Ibarra-Sanchez.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Elvia Adilene Ibarra-Sanchez's ("Ibarra-Sanchez") Objection [Docket No. 139] to Magistrate Judge Katherine Menendez's April 4, 2017 Report and Recommendation [Docket No. 135] ("R&R"). In the R&R, Judge Menendez recommends denying Ibarra-Sanchez's Motion to Suppress [Docket No. 49].[1] After a de novo review of the record, and for the reasons stated below, Ibarra-Sanchez's Objection is overruled and Judge Menendez's R&R is adopted.

---

[1] The R&R also recommends granting in part and denying in part a Motion to Suppress by Defendant Jesus Alberto Barron-Celis [Docket No. 74]. No objection has been made to this portion of the R&R.

## II. BACKGROUND[2]

On November 2, 2016, Ibarra-Sanchez and three co-defendants were charged with conspiring to distribute a mixture and substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. See generally Compl. The Complaint alleges that undercover officers conducted multiple controlled narcotics purchases from Defendant Jeovani Leonardo Huerta-Gonzalez ("Huerta-Gonzalez"), who lives with Ibarra-Sanchez in an apartment on Woodbridge Street North in St. Paul, Minnesota. Id. ¶¶ 4–6. Ibarra-Sanchez allegedly accompanied Huerta-Gonzalez on the controlled buys. Id. On November 1, 2016, a judicially authorized search warrant was executed at the Woodbridge Street residence, and $5,910 in cash and a gun were seized. Id. ¶ 8.

The search warrant for the Woodbridge Street apartment is based on a November 1, 2016 affidavit by Detective Freddy Munoz. Ex. List [Docket No. 87] at Ex. 1. The affidavit refers to the Woodbridge Street address as Huerta-Gonzalez's residence and describes the following facts. In August 2016, Detective Munoz began conducting surveillance of Huerta-Gonzalez at the Woodbridge Street apartment. Throughout the investigation, law enforcement conducted multiple controlled purchases of methamphetamine from Huerta-Gonzalez. During these controlled purchases, Huerta-Gonzalez was seen leaving the Woodbridge Street apartment, driving to the deal location, and then returning to the Woodbridge Street address. On November 1, 2016, Huerta-Gonzalez was observed leaving the Woodbridge Street residence, driving to another residence, leaving the residence a short time later with a white paper bag, and driving away. Law enforcement followed Huerta-Gonzalez and eventually stopped the vehicle. A drug

---

[2] The factual background of this case is more fully set forth in the R&R and is incorporated by reference.

detection dog alerted to the presence of narcotics, and officers found approximately 5 pounds of methamphetamine in the white paper bag. After describing these events, Detective Munoz stated in the affidavit that based on his training, experience, and knowledge, he expected to find electronic devices such as mobile phones on the premises and that such devices would likely contain evidence of drug trafficking activity such as drug-related texts, emails, and other data. Detective Munoz also stated that he believed the Woodbridge Street apartment was being used to facilitate drug trafficking.

On December 19, 2016, Ibarra-Sanchez moved to suppress the evidence seized in the search. She argued that the affidavit in support of the search warrant failed to provide the requisite nexus between the alleged illegal activity and the Woodbridge Street apartment. She also argued that the affidavit was so lacking in information connecting the illegal activity to the Woodbridge residence that the officers could not have relied upon the warrant in good faith.

On April 4, 2017, Judge Menendez denied Ibarra-Sanchez's motion to suppress, finding that the affidavit provided a substantial basis on which the issuing judge could have concluded there was probable cause to search the Woodbridge Street apartment. Judge Menendez further found a sufficient nexus between Huerta-Gonzalez's observed criminal activity and the Woodbridge Street residence. Ibarra-Sanchez objects to the R&R's conclusion that a sufficient nexus existed between Huerta-Gonzalez's illegal activities and the Woodbridge Street apartment.

### III. DISCUSSION

A district judge may refer a defendant's motion to suppress evidence to a magistrate judge for recommendation. Fed. R. Crim. P. 59(b)(1). The district judge must make an independent, de novo determination of those portions of the report and recommendation to which

3

a party objects.  Fed. R. Crim. P. 59(b)(3); 28 U.S.C. § 636(b)(1)(C); D. Minn. L.R. 72.2(b).

Ibarra-Sanchez objects to the R&R's finding of a sufficient nexus between the illegal activities of Huerta-Gonzalez and the Woodbridge Street residence.  "A showing of probable cause requires evidence of a nexus between the contraband and the place to be searched." United States v. Skarda, 845 F.3d 370, 376 (8th Cir. 2016) (quotations omitted).  Probable cause exists where there is a "fair probability that contraband or evidence of a crime will be found in a particular place given the circumstances set forth in the affidavit."  United States v. Tellez, 217 F.3d 547, 549 (8th Cir. 2000).

Upon conducting a de novo review, the Court agrees with Judge Menendez's conclusion that the affidavit established a sufficient nexus between Huerta-Gonzalez's observed criminal activity (the controlled buys) and the Woodbridge Street residence (leaving from and returning to the property in connection with the controlled buys).  The affidavit described Huerta-Gonzalez's ongoing drug trafficking activity, presented the Woodbridge Street address as his home, and explained that in the affiant's experience, evidence of drug trafficking activity would likely be found in the home.  These facts established a fair probability that evidence of a crime would be found in the Woodbridge Street residence.  See United States v. Ross, 487 F.3d 1120, 1123 (8th Cir. 2007) ("Although we have not adopted a per se rule to the effect that probable cause to arrest a drug trafficker establishes an inference that records, paraphernalia, and other evidence of drug trafficking exists at the trafficker's residence, we have found probable cause to exist in cases in which officers have stated that in their experience such an inference is appropriate and in which a supporting affidavit also described a defendant's continuous course of drug trafficking activity."); Tellez, 217 F.3d at 550 (holding that where affidavit indicated

defendant "was engaged in a continuing course of criminal activity, . . . we believe that it could be fairly inferred that he was keeping a supply of drugs and perhaps other evidence related to his drug dealing in his home").

Ibarra-Sanchez cites United States v. Frangenberg, 15 F.3d 100 (8th Cir. 1994), to argue that the search warrant was not supported by probable cause. Frangenberg is distinguishable because the affidavit underlying the search warrant for the defendant's home in that case was "sparse, essentially noting only that [the defendant] presented to a pharmacist a prescription bottle that was found to contain suspected marijuana. The warrant [did] not indicate how [the defendant] was connected to the place to be searched." Id. at 102. In contrast, Detective Munoz's affidavit described Huerta-Gonzalez leaving from and returning to his Woodbridge Street residence in connection with the controlled purchases.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Elvia Adilene Ibarra-Sanchez's Objection [Docket No. 139] to the Report and Recommendation [Docket No. 135] is **OVERRULED**;

2. The Report and Recommendation [Docket No. 135] is **ADOPTED** in its entirety;

3. Ibarra-Sanchez's Motion to Suppress [Docket No. 49] is **DENIED**; and

5

4. Defendant Jesus Alberto Barron-Celis' Motion to Suppress [Docket No. 74] is **GRANTED IN PART and DENIED IN PART** as provided in the R&R.

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: May 11, 2017.